UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE CAMPBELL,

                   Petitioner,

-against-

WARDEN FCI SCHUYLKILL,

                   Respondent.

22-CV-7744 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the execution of his federal sentence. He asserts that he was while confined at FCI Otisville, the Federal Bureau of Prisons ("BOP") subjected him to disciplinary action for possession of a weapon, but that he was denied due process in his disciplinary proceedings. Petitioner seeks to expunge the incident from his prison record and to restore his good time credits. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

    In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). The jurisdiction of a *habeas corpus* action challenging a petitioner's physical confinement generally lies in the judicial district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("Whenever a § 2241 *habeas* petitioner seeks to challenge his present custody . . ., he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Smalling*, 644 F. App'x 3, 5 (2d Cir. 2016) (summary order)

(holding that a challenge to the execution of a prisoner's sentence "must be brought against the BOP in the district in which [the prisoner] is incarcerated.")

Petitioner is currently incarcerated at FCI Schuylkill, which is located in Schuylkill County, Pennsylvania, within the jurisdiction of the Middle District of Pennsylvania. 28 U.S.C. § 118(b). The Court therefore transfers this petition, in the interest of justice, to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[1] This order closes this case in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 15, 2022
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

[1] Petitioner did not pay the $5.00 filing fee or submit an application for leave to proceed *in forma pauperis*.